**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 18, 2013

Lyle W. Cayce
Clerk

No. 12-60108
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL DEE QUEEN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:01-CR-133-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Daniel Dee Queen appeals his 24-month revocation sentence. The Government petitioned for the revocation of his supervised release based on a positive drug screen for cocaine and charges filed against Queen in Mississippi for kidnapping and armed robbery. According to Queen, his sentence was substantively unreasonable because it was greater than necessary in light of the nature and circumstances of his case. Because he did not object to the reasonableness of the sentence in the district court, review is for plain error. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60108

*United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009).  He must show a clear or obvious error (one not subject to reasonable dispute) that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  We have the discretion to correct such an error, but only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Queen notes that the sentence for his underlying federal offense did not run concurrently with his state sentence for extortion, despite his understanding that it would.  He asserts that the evidence of his supervised release violations was weak because the drug screen was unreliable and because he was allowed to plead guilty to disorderly conduct and petit larceny.  He also asserts that his guilty plea to the state charges was not an admission of guilt.  Finally, Queen contends that a shorter revocation sentence would better serve his need for education and vocational training.

The 24-month sentence did not exceed the statutory maximum.  *See* 18 U.S.C. § 3583(e)(3).  Queen cites no authority for the propositions that a revocation sentence is unreasonable where the defendant's earlier sentences were consecutive, where he denied committing the violations, where the evidence arguably was weak, or where he will benefit from education and training after his release.  He fails to show that the sentence was plainly erroneous, particularly given the wide latitude district courts have to devise appropriate revocation sentences.  *See Puckett*, 556 U.S. at 135; *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011).

The judgment of the district court is AFFIRMED.